IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HAROLD L. MCCRAY** | ) | |
| | ) | |
| v. | ) | 3-06-CV-2003-M |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's order filed on February 13, 2007, came on to be considered Petitioner's letter filed in the papers and pleadings in this § 2254 petition on January 22, 2007, which the District Court has construed as an objection to the magistrate judge's recommendation filed on January 8, 2007, in which it was recommended that his petition filed in this action be dismissed for failure to exhaust state court remedies, and the magistrate judge makes the following supplemental report:

The history of McCray's prosecution for the offense of aggravated assault in Cause No. F03-50641 is set out in the "Statement of the Case" in the January 8, 2007, recommendation. His conviction became final, as that term is defined in § 2244(d)(1)(A) on or about September 17, 2005, the last date on which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals from the judgment of the Fifth Court of Appeals which affirmed his conviction. Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) and Flores v. Quarterman, 467 F.3d 484, 485 (5th Cir. 2006).

Thereafter, he filed his first art. 11.07 application collaterally attacking his aggravated assault conviction in No. WR-18030-07. The Texas Court of Criminal Appeals dismissed his application on January 12, 2005, because it was filed while his direct appeal was still pending, that is, his art.

11.07 application was filed in the trial court on a date prior to the date on which the Fifth Court of Appeals issued its mandate.[1]

McCray thereafter filed a second art. 11.07 application in the trial court on December 21, 2005. As noted in the magistrate judge's prior recommendation, he filed a § 2254 petition in this court while his second application was still pending in the state court system and on July 7, 2006, the District Court dismissed his § 2254 petition without prejudice for failure to exhaust state remedies. See No. 3-05-CV-1160 (N.D. Tex., Dallas Division). On October 4, 2006, the Court of Criminal Appeals filed its order denying his second art. 11.07 application without written order on the findings of the trial court without a hearing. See No. WR-18030-08.[2]

On May 24, 2006, Petitioner filed his third art. 11.07 application in the trial court.[3] As was noted in the magistrate judge's prior recommendation at page 2, on the same date on which the second state writ, No. WR-18,030-08, was denied, the Court of Criminal Appeals issued an order remanding his ineffective assistance of counsel asserted in his third application, No. WR-18,030-09, to the trial court for an evidentiary hearing. Unless and until the Texas Court of Criminal Appeals ultimately denies this claim, this court is barred from granting relief on his ineffective assistance of

---

[1] In Larry v. Dretke, 361 F.3d 890, 894, cert. denied 543 U.S. 803, 125 S.Ct. 141 (2004), the court addressed the question of what constitutes a final judgment in Texas state law pursuant to art. 11.07, which as distinguished from the phrase "final judgment" as it appears in § 2244(d)(1)(A) is a judgment in which the state court of appeals has issued its mandate. See Ex Parte Johnson, 12 S.W.3d 472, 473 (Tex.Crim.App. 2000).

[2] Attached to McCray's letter filed on January 22, 2207, is a copy of a post card from the clerk of the Texas Court of Criminal Appeals which confirms that his second art. 11.07, WR-18,030-08, was denied on October 4, 2006.

[3] In his answers to the magistrate judge's questionnaire McCray stated that his ineffective assistance of counsel claim (ground 1 in the present § 2254) had not been ruled upon by the Court of Criminal Appeals. See answer to Question 5.

counsel claim in the present petition. See 28 U.S.C. § 2254(b)(1)(A).

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court find that the present petition raises both exhausted and unexhausted grounds for relief and therefore dismiss the petition without prejudice for failure to exhaust state remedies. Rose v. Lundy, 455 U.S. 509, 518 (1982); see also Rhimes v. Weber, 544 U.S. 269, 274 (2005).[4]

A copy of this recommendation shall be transmitted to Petitioner.

SIGNED this 15th day of February, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[4] McCray's second and third art. 11.07 applications tolled the running of the one-year limitation period. See § 2244(d)(2). Therefore, if he exercises reasonable diligence, in the event that relief on his presently pending art. 11.07 application is denied, any subsequently filed § 2254 petition will not be subject to being barred by limitations.